## LORENZO P. MUNN *vs.* AMOS A. STONE & others.

Where the grantor in a deed reserves to himself the privilege of entering the land conveyed, and of taking and carrying away stone therefrom; this is not a reservation of a mere personal privilege to the grantor, but of a right and interest in the use of the land, which the grantor may assign.

THIS was an action of trespass to land, for taking and carrying away portions of a ledge of granite in land alleged to belong to the plaintiff. Whilst pending in the court of common pleas, the action was referred to an arbitrator, who reported a statement of the facts, reserving the questions of law arising thereon, at the request of the parties, for the consideration of the court, and made his award accordingly. The court of common pleas accepted the award, and entered judgment thereon for the plaintiff; and the defendants thereupon appealed to this court.

The plaintiff claimed title to the land in question in virtue

of a deed with warranty, dated September 27th, 1844, from Obed Severance, who derived his title to the same, by a deed dated February 14th, 1844, from Jonathan Lyman, whose title was not disputed. Both deeds included and purported to convey the land alleged to be trespassed upon.

The deed from Lyman to Severance contained the following reservation: " Reserving to myself the privilege of entering said tract and taking and carrying away stone from the northern part of said tract as far south from the northern end, as the woods now stand in said tract." The subject of this reservation was the granite ledge from which the defendants had taken portions.

In November, 1847, Lyman gave the defendants a writing duly executed, which purported to sell and convey, and, so far as he possessed power, did sell and convey, all the rights to the stone in the granite ledge, which he had reserved to himself by the clause above recited in his deed to Severance.

*G. T. Davis,* for the plaintiff, cited Shep. Touch. 80 ; Bro. Ab. 346 ; *Doe* v. *Lock,* 4 Nev. & M. 807, 824 ; 3 Kent, 420 ; *Phillips* v. *Rhodes,* 7 Met. 322 ; *Jackson* v. *Babcock,* 4 Johns. 418 ; *Hoffman* v. *Savage,* 15 Mass. 131 ; *Wadsworth* v. *Smith,* 2 Fairf. 278 ; *Lord* v. *Lord,* 3 Fairf. 88 *; Dyer* v. *Sanford,* 9 Met. 395, 404.

*D. Aiken,* for the defendants, relied on the case of *Farnum* v. *Platt,* 8 Pick. 339.

BY THE COURT. We cannot distinguish between the reservation of a right or privilege of entering on a particular, designated part of a tract conveyed, and carrying away stone, and a reservation of the use of a marble quarry, out of the land conveyed, for a limited time. Whether it is an exclusive use, or a use in common, may be a question ; but it is the same in both cases. We think, therefore, that this case is substantially governed by that of *Farnum* v. *Platt,* 8 Pick. 339. The only difference is, that in the case cited, the use reserved was for a term of years ; in this case, it is a reservation to the grantor generally, which, being without words of limitation, is a right for his life. We are of opinion, therefore, that the reservation recited did not constitute a mere privilege to

Lyman to take stone personally, but was a right and interest in the use of the ledge, which was assignable; and the defendants, having obtained a right of him, were not chargeable with the trespass complained of.

*Report accepted, and judgment thereon for the defendants.*